UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 25-14235-CIV-MAYNARD[1]

**STATE OF FLORIDA,**

    Plaintiff,

v.

**THEODORE KEITH GRIFFIN,**

    Defendant.
_____/

## REPORT & RECOMMENDATION

**THIS CAUSE** is before me upon Defendant's notice of removal pursuant to 28 U.S.C. § 1443, DE 1[2], and an accompanying *pro se* Motion for Leave to Proceed *in forma pauperis* ("Motion"). DE 3. On July 2, 2025, Defendant, an inmate at the Martin County Jail, removed a pending state criminal prosecution against him from state court to federal court under 28 U.S.C.

---

[1] This *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to an Order of reassignment based on the authority of Administrative Order 2025-11. *See* DE 4, Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2025-11.pdf. Based on the circumstances of this particular case, I am issuing this Report and Recommendation and will simultaneously issue a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

[2] Attached to Defendant's notice of removal are state court records, including the probable cause affidavit and amended information from his underlying state court criminal case. DE 1-1. The amended information charges Defendant with: (1) resisting officer without violence; (2) child abuse – intentional act; (3) fleeing or eluding – lights and siren; and (4) grand theft – motor vehicle. *Id.* at 7–8.

§ 1443. DE 1.[3] However, because Defendant qualifies as a "three-striker" under the provisions of the Prison Litigation Reform Act ("PLRA"), as partially codified at 28 U.S.C. § 1915, I **RECOMMEND** this case be **DISMISSED** and his Motion **DENIED**.

A federal litigant who is unable to pay court fees may proceed *in forma pauperis*. That means the litigant may file a case without prepaying fees or paying certain expenses. *See* 28 U.S.C. § 1915. However, Congress has placed a limit on this privilege for prisoners. This limit is set forth in the following PLRA provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision is commonly known as the three strikes rule. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723, 207 L.Ed.2d 132 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the [PLRA] . . . established what has become known as the three-strikes rule").

The three strikes rule does not violate an inmate's First Amendment right of access to the courts, the doctrine of separation of judicial and legislative powers, the Fifth Amendment's right to due process of law, or an inmate's right to equal protection. *See Rivera v. Allin*, 144 F.3d 719, 727–28 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A

---

[3] This is Defendant's third attempt this year to improperly remove the same state court case. On January 29, 2025, Defendant attempted to remove this same state criminal prosecution to federal court under 28 U.S.C. § 1443. *See Fla. v. Griffin*, No. 25-cv-14032, 2025 WL 595328 (S.D. Fla. Feb. 7, 2025). On February 7, 2025, Judge Martinez remanded the case, finding Defendant's removal untimely (as it is here) and legally deficient under the two-prong test set out in *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). *Id.* at *2. Defendant appealed, but his appeal was dismissed for want of prosecution. On April 4, 2025, Defendant attempted to remove the same underlying case. On June 13, 2025, Judge Cannon dismissed the federal case, adopting my Report and Recommendation finding that the "three-strikes provision" of the Prison Litigation Reform Act barred the case. *See Fla. v. Griffin*, No. 25-cv-14107, 2025 WL 1676127 (S.D. Fla. June 13, 2025).

litigant who is subject to the three strikes rule cannot pay the filing fee after initiating suit as a retroactive cure. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Here, a search of this Court's CM/ECF filing system reveals that Defendant is a repeat, prolific *pro se* litigant in both state and federal forums. This search further confirms that Defendant is subject to the PLRA's three strikes rule because he has, on at least three occasions while incarcerated or detained in any facility, brought an action in a United States court that was dismissed for failure to state a claim upon which relief may be granted. Specifically, Defendant has filed the following cases: (1) *Griffin v. State of Fla., et al.*, Case No. 12-60787-Civ-Williams/White, DE 20, DE 26 (dismissing Defendant's civil rights complaint for failure to state a claim upon which relief may be granted); (2) *Griffin v. State of Fla. et al.*, Case No. 19-62704-Civ-Ruiz/Reid, DE 24 (dismissing Defendant's § 1983 complaint on shotgun pleading grounds and for failure to state a claim); and (3) *Griffin v. Fourth District Court of Appeal, et al.*, 23-14281-Civ-Altman, DE 3 (dismissing Defendant's civil rights complaint under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted).[4]

---

[4] Defendant is a prolific filer of unsuccessful cases. In addition to these three cases and those cited above in footnote 3, court records reveal multiple other civil actions and habeas proceedings for "Griffin, Theodore K" and "Griffin, Theodore Keith." *See, e.g.*, *Griffin v. State of Fla.*, Case No. 08-21892-Civ-King/White (§ 2254 habeas petition dismissed without prejudice for failure to exhaust state court remedies); *Griffin v. State of Fla.*, Case No. 12-21127-Civ-Seitz/White (denying motion for injunction for failure "to allege facts that state a claim for injunctive relief as the subject matter of the Motion concerns a search and seizure" and dismissing complaint for failure to file single amended complaint as required); *Griffin v. State of Fla.*, Case No. 12-22082-Civ-Moore/White (dismissing amended § 2254 habeas petition on grounds of abstention); *Griffin v. State of Fla.*, Case No. 12-62035-Civ-Zloch/White (§ 2254 habeas petition dismissed on grounds of abstention); *Griffin v. Michael D. Crews*, Case No. 13-23612-Civ-Moreno/White (§ 2254 habeas petition dismissed for failure to exhaust state court remedies); *Griffin v. Fla. Dept. of Corrections*, Case No. 15-21759-Civ-Dimitrouleaus (§ 2254 habeas petition denied on grounds of failure to exhaust and on the merits); *Griffin v. Fla. Dept. of Corrections, et al.*, Case No. 15-21759-Civ-Dimitrouleaus/White (§ 2254 habeas petition dismissed as successive and for lack of jurisdiction with note that, in November 2014, state appellate court "cautioned that further frivolous or abusive filings would result in sanctions"); *Griffin v. State of Fla.*, Case No. 20-21691-Civ-Cooke/Reid (construing § 1983 complaint as a § 2254 habeas petition and dismissing the petition as time-barred); *Griffin v. State of Fla., et al.*, Case No. 19-60877-Smith (§ 1983 complaint dismissed without prejudice upon notice of voluntary dismissal); *Griffin v. McGuire, et al.*, Case No. 20-14303-Civ-Cannon/Maynard (civil rights complaint dismissed without prejudice for failure to prosecute); *Griffin v. Martin County, Fla., et al.*, Case No. 23-14238-Civ-Cannon (dismissing § 1983 complaint under three strikes provision of PLRA); *Griffin v. Martin County, et al.*, Case No. 23-14222-Civ-Middlebrooks (dismissing § 1983 complaint and denying motion to proceed in forma pauperis under three strikes provision of PLRA).

Defendant's filing of the above cases renders him ineligible to proceed *in forma pauperis* in any new civil actions or appeals, including this case, "unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To plead the imminent danger exception, the Eleventh Circuit requires specific allegations of present imminent danger that may result in serious physical harm. *See Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).  Here, Defendant's notice of removal does not allege present imminent danger and there is no reason to believe that this narrow exception applies here.

## RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED** under the three strikes rule; Defendant's Motion for Leave to Proceed *in forma pauperis*, DE 3, be **DENIED**; and this case be **CLOSED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge assigned to this case.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida this 28th day of July, 2025.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copies to:**
Theodore Keith Griffin, *pro se*
002640
Martin County Jail
Inmate Mail/Parcels
800 SE Monterey Road
Stuart, FL 34994